IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ELESIA A. BELL,<br><br>        Plaintiff<br><br>    VS.<br><br>JOANNE B. BARNHART,<br>S.S. Commissioner,<br><br>        Defendant | NO. 5:05-CV-153 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

## O R D E R

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

On September 7, 2000, plaintiff filed an application for Supplemental Security Income payments. She alleged disability commencing on August 10, 2000, due to bilateral carpal tunnel syndrome, post-surgery right carpel tunnel release, headaches, hypertension, gastroesophageal reflux disease (GERD), borderline intellectual functioning, and depression/anxiety. The application was denied initially and after further review. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 *et seq*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds or reversal. *Id*.

## DISCUSSION

In this appeal, the plaintiff contends that substantial evidence does not support the Commissioner's decision because the Administrative Law Judge (ALJ) improperly rejected the opinions of the treating and examining physicians, failed to pose a complete hypothetical to the vocational expert, and improperly found the plaintiff's subjective complaints to be less than credible.

### 1. Review of Medical Evidence

After careful review, the Court accepts the Commissioner's evaluation of the evidence as set out in the decision of the ALJ.  Among other evidence, the ALJ noted that plaintiff suffers from bilateral carpal tunnel syndrome, post-surgery carpal tunnel release, and depression/anxiety and that these conditions have more than a minimal effect on her ability to perform work related functions. R. 22.

### 2. Treating Physician's Opinion

The plaintiff contends that the Commissioner improperly discounted the opinion of her treating and examining physicians. Specifically, the plaintiff alleges that the ALJ erred in assessing the opinions from plaintiff's physicians concerning the severity of her mental and physical condition. It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted, however, when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Oldham, supra*, at 1084. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

In her opinion, the ALJ noted that plaintiff suffers from carpal tunnel syndrome and post-surgery right carpal tunnel release as a result of a "work-related repetitive injury." R. 23. However, the ALJ correctly noted that the objective medical evidence did not support the degree of functional limitation and chronicity alleged by plaintiff. *Id*. at 24. In support of this assessment, the ALJ noted that Dr. Fried examined plaintiff on February 10, 1999, and opined that she had possible carpal tunnel syndrome, but that there might be an element of "sympathetic dysfunction." *Id*. Plaintiff then underwent a carpal tunnel release. Dr. Holliday's records show that her condition improved following surgery to the extent that she was cleared to return to work. *Id*. Plaintiff then underwent an independent examination by Dr. Floyd on October 7, 1999. He noted that plaintiff's right hand,

wrist, elbow, and shoulder all functioned normally. *Id*. Moreover, she had full digital flexion and extension, strong right hand intrinsic and extrinsic muscle function, no atrophy, no evidence of carpal instability, and negative Finkelstein's and Phalen's test. *Id*. Dr. Floyd, did note that the electrical studies were "suggestive" of carpal tunnel syndrome. However, the electrical values were normal. *Id*.[2]

The ALJ properly evaluated Dr. Green's assessment that plaintiff suffers from severe depression. In her opinion, the ALJ noted that Dr. Green diagnosed plaintiff with severe depression. However, in discounting this opinion, the ALJ further noted that Dr. Green is a family practice physician and not a psychiatrist. *Id*. In addition, the ALJ found that Dr. Green did not support his assessment with clinical findings. *Id*. Moreover, despite his diagnosis of major depression, Dr. Green did not refer plaintiff to any mental health specialist or for treatment. *Id*. He merely prescribed psychotropic medication and did not specify whether plaintiff was responsive to this medication. *Id*. Despite this, the ALJ found that plaintiff's depression/anxiety was severe. However, she also properly found that plaintiff's depression was not disabling because she was never hospitalized for mental health treatment or referred to a mental health specialist. *Id*. at 25. Moreover, when plaintiff was psychologically evaluated by Dr. Rose, her first set of test results were found to be unreliable and inaccurate due to intentional bias. Upon retesting, plaintiff's test scores significantly improved. *Id*.

In the undersigned's view, the Commissioner properly evaluated the evidence from plaintiff's treating and examining physicians.

### 3. Hypothetical Questions

The plaintiff contends that the ALJ posed an incomplete hypothetical question to the Vocational Expert (VE). Specifically, the plaintiff alleges that the ALJ did not include all appropriate factors in the hypothetical posed to the VE.

---

[2] Although not challenged by the plaintiff, the ALJ also addressed plaintiff's alleged problems with GERD, hypertension, and borderline intellectual functioning and properly found them to be non-severe. R. 23.

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977); *see also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980). Moreover, a case must be remanded for further proceedings if the ALJ finds that the plaintiff suffers from severe impairments that are not included in his hypothetical questions to the vocational expert. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

The ALJ has no obligation to proffer a hypothetical to the vocational expert that includes *all* of the plaintiff's subjective allegations where substantial evidence supports the ALJ's conclusion that the plaintiff's subjective accounts were not fully credible and where the hypothetical that the ALJ proffered is supported by the record. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th 1987) (holding that the diagnosis of a condition is of little value absent evidence of the impact of the condition on the individual's ability to work).

In the case at bar, plaintiff contends that the hypothetical posed to the VE did not take into account her hand limitations and that she cannot park cars. A review of the record shows that there is no merit in this contention. The hypothetical posed to the VE specifically included the limitation that plaintiff could not push or pull any more than 25 pounds with her right hand, that she must avoid vibrating machinery, and that she must avoid work activity that involves repetitive movements with her right hand and wrist. R. 275-76. The ALJ then properly relied on the jobs identified by the VE which included parking lot attendant. The plaintiff complains that this job does not encompass her hand limitations because she cannot park cars. However, the *Dictionary of Occupational Titles* §915.473-010, shows that the duties of a parking-lot attendant is to park automobiles **or** direct drivers where to park. Accordingly, there is no merit in this allegation. The ALJ did not err in the hypothetical posed to the VE.[3]

---

[3] Plaintiff also claims that the hypothetical posed by the ALJ was incomplete because she did not have the plaintiff's most recent medical records. This contention is without merit as the ALJ specifically stated that she considered the new evidence that was not before the Agency physicians. R. 29-30.

### 3. Credibility

Finally, the plaintiff contends that Commissioner erred in not finding her subjective complaints fully credible.  Specifically, plaintiff alleges that ALJ's credibility determination is not based upon substantial evidence.

Where proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Commissioner's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding. Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

The ALJ did not err in assessing the plaintiff's credibility. The ALJ properly considered the plaintiff's daily activities, her statements regarding functional limitations, and the effect her pain has on her activities of daily living and her ability to work.  R. 26.  After evaluating these factors, the ALJ properly determined that plaintiff's complaints were inconsistent with her medically determinable impairments and found that she retains the residual functional capacity to perform a reduced range of light work.

The ALJ noted that plaintiff stated in her daily living questionnaire that she takes care of her personal needs, watches television, visits with family and friends on a weekly basis, washes dishes, listens to the radio, cooks, shops, takes care of her personal finances, and cared for her invalid father until he died in March 2001.  R.27.  Moreover, the ALJ properly found that the medical evidence did not support limitations as severe as the plaintiff claimed since Dr. Fried felt her carpal tunnel syndrome might have an element of "sympathetic dysfunction," Dr. Floyd opined that her right hand, wrist, elbow, and shoulder functioned normally, and that she was never adequately diagnosed or treated for migraine headaches. *Id*. at 26.   Moreover, plaintiff was found to be non-complaint with her medical appointments, medications, treatment, diet, and instructions from her physicians. *Id*. at 27.  As noted by the ALJ, this lack of compliance shows that plaintiff did not consider her medical problems to be "severe and disabling."  *Id*.

In the undersigned's view, the Commissioner did not err in finding the plaintiff's subjective complaints to be less than credible.

In light of the foregoing, the Commissioner's decision is **AFFIRMED.**

SO ORDERED, this 18th day of OCTOBER, 2005.



                                        CLAUDE W. HICKS, JR.
                                        UNITED STATES MAGISTRATE JUDGE